IN THE UNITED STATES COURT
EASTERN DISTRICT OF WISCONSIN



U.S. DISTRICT COURT
EASTERN DISTRICT WI.
19-C-1674
STEPHEN C. DRIES
CLERK
2019 NOV 13 P 1: 24

| | | |
|---|---|---|
| **JOHN L. McLEMORE**, possessory tenant ) | | Federal Question |
| *431 S. 94th St. Milwaukee Wisconsin 53214* ) | | Civil # |
| *vs.* ) | | |
| ) | | **INJUNCTIVE RELIEF** |
| **U.S. Bank N.A.** defendant record owner ) | | "Protecting Tenants in Foreclosure |
| *80 S. 8th St. #224 Minneapolis, Minn. 55402* ) | | Act" |
| _____X ) | | |

## COMPLAINT FOR INJUNCTIVE RELIEF

**And Now Comes** JOHN L. McLEMORE, a rent paying tenant at $500/month and other duties relating to the premises at *431 S. 94th St. Milwaukee Wisconsin 53214*, a single family house, entering this **petition for injunctive relief** under the renewed "Protecting Tenants in Foreclosure Act", to wit:

1. The undersigned "John L. Mclemore" is a tenant of the residential premises at *431 S. 94th St. Milwaukee Wisconsin 53214*, see my lease attached by exhibit "A". It is my sole residence and I have been living there since 2017.

2. Additionally, <u>the undersigned is legally blind</u> and protected under federal disability law. The problem is in the next exhibit "B", a Writ of Assistance obtained in the name of defendant U.S. Bank N.A., although it is impossible that they actually motivated or participated in the legal process.

3. U.S. Bank N.A. of Minneapolis Minnesota has a Milwaukee Wisconsin branch where they have been served with this petition, at 777 E. Wisconsin Ave. Milwaukee Wisconsin 53202. Their "role" in this context is identified by their own well known publication, *"The Role of the Corporate Trustee by US Bank"*, which is attached at exhibit "C" following the petition.

1

4. "U.S. Bank" as federally regulated mortgagee under the Federal Reserve System is bound by the premises of the renewed and now permanent, "Protecting Tenants in Foreclosure Act". See exhibit "D" attached, a print out describing the law. All tenants are 'bona fide', there is no such thing as a 'mala fide tenant', **and the law is partly unconstitutional as written**. See 2 C.J.S. Adverse Possession § 105, page 659:

> *"The owner's continued possession after sale of the property at execution, judicial, or like sale is that of a **tenant at sufferance** of the purchaser, **and is not hostile to the purchaser** without a clear repudiation of his title and assertion of hostile claim, and in the absence of all testimony manifesting the actual character of his holding, his possession is regarded as consistent with the title of the purchaser."*

5. The term "tenant" just means 'anyone holding land in subordination to the title of another', and Congress cannot impose subjective and arbitrary distinctions, all of which are essentially a form of **racial discrimination**. Nobody will inquire into my "status", or attain the race of "mortgagors and their family". Congress does not recognize, organize or impose "familiar associations".

6. All people are equal, and the only means to make the law protecting tenants "fully effective" is to protect everyone, meaning that the federal mortgagee or its successor must proceed by eviction or ejectment, at least granting thereby essential 'due process', and at least the barest opportunity to raise the federal 'anti eviction defense'. Here, I have no opportunity at all and it may not be 'preemptively decided" by some kind of proactive effort on my part.

7. I am a prime example of why the federal act must be construed to cover *ALL TENANTS AND OCCUPANTS OF ANY DESCRIPTION*, because like so many other people around the country, the federal Protecting Tenants in Foreclosure Act is being run over by names like "U.S. Bank", that are being made to refuse its duties and the related provisions of law by the servicer's attorney.

2

8. A "mortgagor" is a title interest *in rem*, not a possessor of land *in personam*. It does not have a "family", and Congress may not 'attain' the blood of any "families". Congress may not define who is related to whom, or speak of "families" in this context, where "mortgagor" just means "property interest".

9. I am actually a legitimate bona fide rent paying tenant living at *431 S. 94th St. Milwaukee Wisconsin 53214*, paying "$500/month" and fulfilling other duties, yet there is no means to raise this "anti eviction defense". **I was not sued for possession of the hous**e, but the local circuit court just issued a writ of Assistance on top of confirming the related sheriff sale, which itself is patently unconstitutional. See the Memorandum to follow.

10. In order to give "full effect" to the federal law, it must declared that all tenants and other occupants are equally protected, and that the foreclosing mortgagee or it's successors **are required to proceed in a judicial due process** where the "anti eviction defense" may be raised. U.S. Bank must proceed by ejectment or eviction in the State of Wisconsin, but it may not "tag" a writ of assistance on top of confirming the foreclosure sale.

**Wherefore**, the undersigned has notarized his signature in order to demonstrate his identity, and asks this Court to declare the federal "Protecting Tenants in Foreclosure Act" to constitutionally extend over the entire protected subject class, which must be "All Tenants of any Description" and "All Unknown Occupants" and even "Mortgagors and their *Family*". Congress may not make these distinctions, which are essentially unenforceable, and only lead to creating a discriminatory racial class, approaching "attainder of the blood".

John L. McLemore, *a protected tenant under federal law*
431 S. 94th St Milwaukee, Wisconsin 53214

3

## VERIFICATION

The foregoing is true correct and complete within my first hand knowledge information and belief. My name is JOHN L. MCLEMORE and my notarized witness to these facts is affixed below. All statements made herein are subject to the penalty of perjury under applicable United States law, and this petition was made in good faith as required under federal Rule 9. I am legally blind and may require assistance to appear in court, yet I am ready to appear on proper notice and summons.

*[signature: John McLemore]*

John L. McLemore, *a protected tenant under federal law*
431 S. 94th St Milwaukee, Wisconsin 53214

(NOTARY)

Sworn to me and subscribed on this 8th day of November, 2019 appeared John L McLemore.

State of Wisconsin
County of Milwaukee

Jessica R Sanchez
*[signature]*

**JESSICA R. SANCHEZ**
**NOTARY PUBLIC**
**STATE OF WISCONSIN**

Commission expires 05/14/2021

4

IN THE UNITED STATES COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **JOHN L. McLEMORE, possessory tenant** ) <br> *1234 S. 108th St. West Allis Wisconsin 53214* ) <br> *vs.* ) <br> ) <br> **U.S. Bank N.A. defendant record owner** ) <br> *80 S. 8th St. #224 Minneapolis, Minn. 55402* ) <br> _____X ) | **Federal Question** <br> **Civil #** <br> **INJUNCTIVE RELIEF (in re)** <br> **Protecting Tenants in Foreclosure** |

## POSSESSING TENANT'S MEMORANDUM IN SUPPORT

"In a supplementary proceeding, <u>no issue can be tried</u> between a receiver or judgment creditor **and a 3rd-person** as to rights in property." *DOR v. Milwaukee Mack Sales*, 91 Wis. 2d 1, 280 N.W. 2d 274 (1979).

The undersigned "John L. McLemore" is a protected tenant under federal law and my constitutional rights are being violated in the Milwaukee County Circuit Court. I am 3rd party to the foreclosure case in the court below, but a Writ of Assistance has issued against my tenancy as set forth in the complaint here. **The plaintiff never petitioned** for a writ of assistance *after* confirming the sale, and it could not stand to do so without <u>first</u> perfecting its title. See following, with emphasis:

> *815.63 Sheriff's deed; writ of assistance. <u>Whenever title has been perfected</u> to any real estate sold on **execution**, or to any part or interest in the real estate, and the defendant in <u>execution</u>, or any other person claiming under the defendant by title accruing subsequently to the entry of the judgment in the judgment and lien docket upon which the judgment was issued, shall be in possession of that real estate or part or interest in that real estate, and, <u>upon demand</u> of the person in whom the title has been perfected, **refuses** to surrender the possession, the person **may** apply to the court from which the <u>execution</u> issued, **by verified petition**, for a writ of assistance to obtain possession.*

5

(cont...) A copy of this petition, *with a notice of the time and place when and where the petition will be presented*, shall be served upon the person against whom the writ is issued **at least 10 days** before the petition is presented. The petition may be served as a summons in an action in the circuit court. The court may direct the writ to issue, and the writ shall be executed and return made in the same manner as upon a sale upon a judgment for foreclosure of a mortgage. History: Sup. Ct. Order, 67 Wis. 2d 585, 761 (1975); Stats. 1975 s. 815.63; 1977 c. 449; 1995 a. 224. *Cross-references: The general provision for writs of assistance is s. 815.11.*

The petition to confirm the sheriff sale was falsely labeled "*and* for writ of assistance", but it did not set forth any reason why the writ should issue, the grounds or basis for such a writ, nor was it served within the required **ten days notice to respond** at some time **after** confirming the sale (which perfects the plaintiff's title). The legal premise of "assistance after sale" could only apply with an execution judgment, not a "foreclosure sale". Moreover, the plaintiff cannot have *petitioned* for any writ of assistance, because under the statute, title must first be perfected (confirmed and recorded), and only **then** may a demand for possession be had, with at least 90 days notice at common law, as in the nature of an agricultural tenancy. See 2 C.J.S. Adverse Possession § 105, page 659:

"*The owner's continued possession after sale of the property at execution, judicial, or like sale is that of a **tenant at sufferance** of the purchaser, **and is not hostile to the purchaser** without a clear repudiation of his title and assertion of hostile claim, and in the absence of all testimony manifesting the actual character of his holding, his possession is regarded as consistent with the title of the purchaser.*" 2 C.J.S. Adverse Possession § 105, page 659

Now see Wisconsin Statutes, Chapter

**710.10 Removal of possessor of property.** In the following cases any person who holds possession of property, or the representatives or assigns of such person may be removed under Ch. 799 or 843.

**(1)** A person holding in violation of s. 704.17 (4), or of s. 704.19 (8).

6

Case 2:19-cv-01674-JPS   Filed 11/13/19   Page 6 of 10   Document 1

**(2)** <u>A tenant at sufferance holding without permission</u>.

**(3)** <u>A possessor of property which has been sold upon foreclosure of a mortgage if the possessor's rights were extinguished by the foreclosure</u>.

**(4)** A person who occupies or holds property under an agreement with the owner to occupy and cultivate it upon shares and the time fixed in the agreement for such occupancy has expired.

**The Court must take judicial notice** that the immediate possession of any land is <u>never granted in the standard federally supplied residential mortgage</u>, it is not the subject of any residential mortgage, it is functionally inalienable and cannot be made the subject of an execution judgment (hence the procedure under ***Wisconsin 815.63 Sheriff's deed; Writ of assistance***) and that the occupancy of residential premises is always held to "All Unknown Occupants", who may be holding by perfected adverse possession, a better title on another line, a superior lien ordination, etc. Even a tenancy at will or a month to month estate cannot be made subject to liens and judgments, except in possessory actions (chap. 710.10 *supra*) for real property against the otherwise inalienable right to be in some place, simply by holding immediate physical possession.

The plaintiff may seek 'eviction' in the small claims court, or it may seek 'ejectment' in the circuit court; but it cannot "suddenly" have a writ of assistance on their deed. Otherwise there is no purpose to the statute-chapter above recited, and this cannot be. "*Shall have a Writ of Assistance*" is merely standard declaratory language, and it does not make a time certain, nor imply an immediate right; otherwise it would be unnecessary to ask the Court for a writ, and only necessary to apply at the Clerk's Office. Even at an "execution sale", it is only *after* perfecting and making a qualified, written demand for possession that an original <u>petition</u> applying for a writ of assistance on **equitable grounds** may be had, with at least 10 days statutory notice. Emphasis: **815.63 Sheriff's deed; writ of assistance** (*supra*),

**There is no legal basis to issue a writ** of assistance delivering possession to a sheriff sale purchaser in mortgage foreclosure (*cf. '710.10' above*), because there is no judgment for immediate physical possession in the record (nor at a date certain), and this is an "in rem" foreclosure case against a specific title interest, not an "in personam" real property recovery action against "All Unknown Occupants". At no time was there a possessory covenant in the mortgage relationship, which historically was the basis to treat the sale process as a summary eviction; but even that is a separate and original process. There is otherwise no good reason why the purchaser should have immediate possession, especially since it cannot take possession at all, and never once had possession, nor its privity.

"US Bank" is only a distant 5th party mortgage backed securitization trustee, if it is involved at all besides the unauthorized use of its license. It is contractually barred from taking possession, or having anything to do with the physical property itself (*see attached exhibit "Role of the Corporate Trustee" by nominal plaintiff U.S. Bank itself*), and no intermediate financial interest will ever be able to somehow enter and "hold" a piece of residential real estate. They are not an investor, not a real purchaser, not a leasing and development company, or anything other than an esoteric abstraction. "They" (*5th party Nationstar Mortgage Servicing LLC*) will do nothing more than any other mortgagee who secures an abandoned place: change locks, possibly the barest maintenance, and list it as an "REO" sale property. The purchaser is perfectly free to list the place for sale and we already keep and maintain these premises far better than anyone else ever could.

The sheriff sale purchaser is not entitled to a writ of assistance *as a matter of law*, it must be petitioned for by docketing an actually verified petition, and the application must reach the sound discretion of the court. It is unconscionable to put nobody into possession of an occupied home with the winter approaching, while the place also houses an entire estate worth of protected tenancy under federal law, something the

Case 2:19-cv-01674-JPS   Filed 11/13/19   Page 8 of 10   Document 1

trial court cannot determine by some kind of strange preemptive inquiry. There will be no "status hearings", *while anyone that occupies land in subordination to the title of another is called a <u>tenant</u>,* by every definition and longstanding custom. The trial Court cannot 'suddenly' determine paramount title as an afterthought to "foreclosure", it cannot preempt possible defenses to eviction cases nobody brought, and the jurisdiction here is strictly "in rem". There is no such thing as a writ of assistance or a judgment for possession that applies to some occupants but not others, **because the sheriff can make no distinctions** among living people, it is "all occupants or none".

The sheriff deputies **will remove all occupants or none**, and without immediate relief, they will **remove** me despite the federal protections. The decree of the Milwaukee County Circuit Court is unconstitutional to the extent that it conflicts with federal law; but it is contended that the decree is merely declaratory language, on which no writ may issue at all. The sale purchaser may not take a writ of assistance here without violating everyone's rights, while doing nothing to vindicate theirs, such as it may be. The premise here is absolutely unconstitutional, and the 'writ of assistance' contemplated by statute is subject to the <u>sound discretion of the court</u> after application by good service and a properly formatted petition, not an 'affidavit' by some lawyer who verifies his mental map.

The context for issuing writs of assistance upon **just and proper application** is usually directed at empty land, large scale commercial property, etc. That the writ may assist the purchaser to get possession is one thing, so long as it violates no other principle, claim or right. Here, the holdover tenancy after the end of an estate in a dwelling house for many years must itself run from year to year, and only on 90 days good notice to quit, properly formatted and delivered. And then <u>we are entitled to the process of law</u>, in the action for ejectment on a 'trial of titles', because as it says above first mentioned, *"[i]n a supplementary proceeding, <u>no issue can be tried</u> between a receiver or*

9

*judgment creditor **and a 3rd-person** as to rights in property.*" ***DOR v. Milwaukee Mack Sales***, 91 Wis. 2d 1, 280 N.W.2d 274 (1979). The premises suggested by the "affidavit" of the interloping law firm and the issuance of this "writ of assistance" are illegal and wholly unconstitutional.

We are entitled **to at minimum a 10 day notice** of any "supplementary hearing", yet it will not bind any character *in personam*, given the nature of this strictly *in rem action*, which runs "de terris". "Daniel J. Bohringer, *de terris*" is not the same legal person as "Daniel J. Bohringer, *possessory tenant*"; neither will anyone else be made to suffer on his account, nor will he be made to embody or personify the generic occupancy of a residential dwelling in Milwaukee, Wisconsin. The State court had no <u>constitutional</u> jurisdiction to 'suddenly' issue a writ of assistance on the "letter request" supported by a bogus 'affidavit' that makes no verification of anything but an incoherent jumble of misbegotten legal conclusions and other wrongful pettifoggering.

The word for this is "barratry", the bringing of frivolous, idle and vexatious suits to court, usually under an illegal procedure. The 'writ of assistance' must be **prohibited**, and proper sanctions imposed on the attorney who authored this premise, who acted only in knowing bad faith. I am a protected tenant under federal law, and my rights are being violated in the Milwaukee County Circuit Court.

//s// John L. McLemore in the proper person