# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN L. MCLEMORE,

        Plaintiff,

v.

U.S. BANK N.A.,

        Defendant.

Case No. 19-CV-1674-JPS

**ORDER**

    Daniel Bohringer ("Bohringer") will apparently stop at nothing to prevent the consummation of a foreclosure by Defendant on a property he owns at 431 S. 94th Street. In March 2019, he attempted to remove the foreclosure action from Wisconsin state court to this Court. *U.S. Bank Nat'l Ass'n v. Daniel J. Bohringer*, 19-CV-317-JPS (E.D. Wis.), (Docket #1). This was a transparent attempt to frustrate or delay the foreclosure process. *Id.*, (Docket #3). The Court dismissed the action because it lacked subject-matter jurisdiction over the case. *Id.*

    Bohringer then filed a second action in May 2019, wherein he laughably tried to assert that *he* had a mortgage on the property senior to that of Defendant, and wanted to foreclose *against Defendant* and be paid $300,000 for his trouble. *Daniel J. Bohringer v. U.S. Bank N.A.*, 19-CV-665-JPS (E.D. Wis.), (Docket #1). The Court dismissed the case because Bohringer failed to pay the filing fee. *Id.*, (Docket #6).

    On the same day he filed the second case, Bohringer orchestrated the filing of a third action. *John L. McLemore v. U.S. Bank and Daniel J. Bohringer*, 19-CV-803-JPS (E.D. Wis.), (Docket #1). It contained precisely the same allegations as the second complaint, except that Bohringer identified

himself as a defendant and John L. McLemore ("McLemore") as the plaintiff, namely as a "substitute trustee" for Bohringer's trust. *Id.*, (Docket #1). It was clear that the action was prompted by Bohringer, and the Court observed that it was not clear whether McLemore even knew about the suit. *Id.*, (Docket #2).

The Court dismissed the action for lack of subject-matter jurisdiction. *Id.*, (Docket #2). It also found that the claim was barred by the *Rooker-Feldman* doctrine:

> Beyond the issue of subject-matter jurisdiction, this action is barred by the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). *Rooker-Feldman* precludes lower federal courts from exercising what would effectively be appellate jurisdiction over final state court judgments. *Lance v. Dennis*, 546 U.S. 459, 463 (2006). It is "a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* at 464 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).
>
> Bohringer's foreclosure claim is precisely the sort which is prohibited by *Rooker-Feldman*. Bohringer's goal in this case is to undermine or modify the state court judgment of foreclosure, and be paid $300,000 in the process. This is clearly impermissible. The only legitimate method available to avoid the state court judgment is to appeal through the state court system and, if Bohringer is unsuccessful there, to appeal to the U.S. Supreme Court. If all of those options fail, the judgment is final and is no longer reviewable.

*Id.*, (Docket #2 at 3). Finally, in light of Bohringer's repeated frivolous filings, the Court sanctioned him and barred him from filing new cases until he pays the $1,000 he owes the Court. *Id.*, (Docket #2 at 4).

The Court did not bar McLemore from further filings, as he did not seem to be responsible for Bohringer's misdeeds. The Court must now reconsider that position. The instant case is titled a "complaint for injunctive relief," and is again purportedly filed by McLemore. (Docket #1). The ruse is not difficult to discern, though, as the style of the complaint matches those filed by Bohringer. Moreover, the substance of the complaint aims to directly benefit Bohringer.

McLemore wants this Court to enjoin execution of the writ of assistance issued by the Milwaukee County Circuit Court to eject Bohringer, McLemore, and anyone else from the subject property, as they have refused to leave after losing the foreclosure action. (Docket #1 at 1–3 and Docket #1-1 at 8). McLemore brings this request pursuant to the Protecting Tenants in Foreclosure Act of 2009 ("PFTA"). (Docket #1 at 1). McLemore suggests that he falls within the protections of the PFTA, and that Defendant failed to comply with various notice requirements contained therein. *Id.* at 1–3. McLemore also filed a "memorandum in support" of his complaint, which is mostly comprised of allegations that Defendant has not complied with certain provisions of state law in the foreclosure process and in obtaining the writ. *Id.* at 5–10.

This action, like all the others, must be dismissed for numerous reasons. First, the PFTA does not provide a private right of action for tenants to file lawsuits. *Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1169–73 (9th Cir. 2013). The statute does not expressly permit tenants to sue to enforce it, and nothing in the statute, its legislative history, or related enactments implies that a right of action should exist. *Id.* As noted in *Logan*, "[t]he PTFA is framed in terms of 'protections' for tenants, suggesting that

it was intended to provide a defense in state eviction proceedings rather than a basis for offensive suits in federal court." *Id.* at 1173.

Second, to the extent McLemore attempts to state any claims for violation of state law in the foreclosure process, the Court lacks jurisdiction to hear them. The Court has now explained the contours of subject-matter jurisdiction to both Bohringer and McLemore multiple times. Federal courts are courts of limited jurisdiction, and may only hear cases in two primary categories: 1) those raising issues of federal law, known as "federal question" jurisdiction, and 2) those between parties who are citizens of different states and which involve an amount in controversy exceeding $75,000.00, known as "diversity" jurisdiction. See 28 U.S.C. §§ 1331 and 1332(a). Foreclosure of mortgages is not an issue of federal law.

Though the parties may be of diverse citizenship, there remains the matter of an amount in controversy. In a suit for injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003). "[T]he object may be valued from either perspective—what the plaintiff stands to gain, or what it would cost the defendant to meet the plaintiff's demand." *Id.* at 799–800. Here, the object of the suit is not the home itself, as the foreclosure action is already concluded in Defendants' favor. The object of this case is only the enforcement, or non-enforcement, of the writ. McLemore does not, and could not credibly, allege that the cost of enforcing the writ—sending sheriff's deputies to physically remove him from the home—or the cost of non-enforcement—McLemore being allowed to simply remain in the home unlawfully—exceeds $75,000. Diversity jurisdiction is therefore absent.

Third, this case is yet another example of a claim which violates the *Rooker-Feldman* doctrine. Bohringer lost the foreclosure action in state court. He cannot come to this Court with claims, no matter how cleverly titled or presented, which would run counter to the state court foreclosure judgment. His only option to attack that judgment is to proceed through the state appellate process.

For all of these reasons, this action must be dismissed. Further, now that McLemore has joined Bohringer in offering repeated frivolous filings, the Court will sanction him as well. The Court will fine McLemore in the amount of $200. Because this action is frivolous, the Court will also deny McLemore's motion to proceed *in forma pauperis* in this case. (Docket #2). Thus, McLemore now owes the Court $600. Until he pays that amount, the Clerk of the Court in this District shall return, unfiled, any papers submitted by him except for those in defense of a federal criminal case or applying for a writ of habeas corpus. *Bradley v. Wis. Dep't of Children & Families*, 715 F. App'x 549, 550 (7th Cir. 2018), citing *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). McLemore may move the Court, no earlier than two years from the date of this Order, to rescind or modify this filing ban.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**;

**IT IS FURTHER ORDERED** that John L. McLemore's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that John L. McLemore is fined in the amount of $200. McLemore is also obligated to pay the $400 filing fee he owes in this matter. Thus, McLemore owes the Court $600. Until he pays

this amount in full, the Clerk of the Court of this District is directed to return unfiled any papers submitted by McLemore except for those in defense of a federal criminal case or applying for a writ of habeas corpus.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of November, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge